UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF AN ORDER RESTRAINING MICROSOFT'S SPEECH | Case No. 20 Misc. 349<br>20 Mag. 10620<br><br>**REDACTED** |

### MICROSOFT CORPORATION'S APPEAL OF AND REQUEST TO MODIFY SECOND ORDER RESTRAINING SPEECH

Microsoft Corporation appeals and seeks modification of an order issued by the Honorable Robert W. Lehrburger, United States Magistrate Judge, restraining Microsoft's speech about the existence of a warrant served on it on October 2, 2020. *See* Ex. A. The warrant seeks content and non-content information about the same email account belonging to the same Microsoft customer, ███████████████████████████████, that is targeted by the order subject to Microsoft's earlier appeal in Case No. 20 Mag. 7329, filed September 24, 2020.

This is the second order restraining Microsoft's speech with respect to this investigation. On July 14, 2020, the government served Microsoft with an order issued by the Honorable Sarah Netburn, United States Magistrate Judge, under 18 U.S.C. § 2703(d) ("D Order"), requiring Microsoft to produce non-content information for one individual email account associated with ███. The D Order included a secrecy provision barring Microsoft from informing anyone about the demand for a year ("First Secrecy Order"). On September 24, 2020, Microsoft appealed and moved to modify the First Secrecy Order. *See In the Matter of an Order Restraining Speech Regarding 18 U.S.C. § 2703(D) Order*, Case No. 20 Mag. 7329. Microsoft explained that the First Secrecy Order is a content-based restriction and prior restraint of speech,

and therefore must satisfy strict scrutiny under the First Amendment. Microsoft showed it had offered a less restrictive alternative that would still satisfy the government's compelling needs: notifying an individual at ▇ (approved by the government) of the fact Microsoft received a D Order seeking information for an unnamed ▇ user's email account. As Microsoft demonstrated, the government failed to meet its burden to prove under strict scrutiny that this less restrictive alternative does not achieve the government's interests, especially given the trustworthy nature of ▇ and its leadership. Microsoft further explained that it would be improper for the government to rely on evidence submitted ex parte to respond to Microsoft's appeal. Accordingly, Microsoft asked the Court to modify the First Secrecy Order to allow Microsoft to notify an appropriate individual at ▇ about the fact of the D Order, without disclosing the targeted email account.

On October 2, 2020, the government served Microsoft with a warrant issued by Judge Lehrburger under 18 U.S.C. § 2703(b)(1)(A) and § 2703(c)(1)(A) seeking "all content and other information within [Microsoft's] possession, custody, or control associated" with the same individual email account targeted by the D Order. *See* Ex. A. The warrant included a non-disclosure order under 18 U.S.C. § 2705(b), prohibiting Microsoft from notifying any person (aside from its own counsel) of the existence of the warrant for one year ("Second Secrecy Order"). *Id.*

For the reasons set forth in its memorandum in support of its Appeal of and Request to Modify the First Secrecy Order, Microsoft respectfully requests the same relief here as requested in its earlier appeal, i.e., that the Court modify the Second Secrecy Order to permit Microsoft to notify a government-approved representative at ▇ of the fact of the warrant, without disclosing the targeted email account. The arguments supporting modification apply *a fortiori* to

the Second Secrecy Order, which restrains Microsoft's speech as to the seizure of not only its customer's non-content data (as under the D Order) but also its customer's email content—information in which ▮ clearly has a reasonable expectation of privacy that implicates the Fourth Amendment. *See Carpenter v. United States*, 138 S. Ct. 2206, 2222 (2018) (recognizing "the modern-day equivalents of an individual's own 'papers' or 'effects,'" such as documents stored in the cloud, "should receive full Fourth Amendment protection"). The Second Secrecy Order thus raises heightened privacy concerns for ▮, reinforcing the significance of Microsoft's speech and the importance of applying the strict scrutiny the First Amendment demands.

For these reasons, this Court should modify the Second Secrecy Order to allow Microsoft to notify an appropriate representative at ▮ about the warrant.

Dated: October 7, 2020

Respectfully submitted,

*/s/ James M. Garland*

James M. Garland (*pro hac vice*)
Alexander A. Berengaut (*pro hac vice*)
Megan A. Crowley*
Chloe Goodwin (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Tel: 202-662-6000
Fax: 202-662-6291
jgarland@cov.com
aberengaut@cov.com
mcrowley@cov.com
cgoodwin@cov.com

Amanda Kramer
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel: 212-841-1000
Fax: 212-841-1010
akramer@cov.com

3

Stephen M. Rummage*
Ambika K. Doran*
MaryAnn Almeida*
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Tel: 206-662-3150
Fax: 206-757-7700
steverummage@dwt.com
ambikadoran@dwt.com
maryannalmeida@dwt.com

*Applications for admission *pro hac vice* forthcoming

*Counsel for Microsoft Corporation*